**Xiang Fu HU, Petitioner,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 03–4010.

United States Court of Appeals, Second Circuit.

April 20, 2004.

Joshua Bardavid (Theodore N. Cox, on the brief), New York, NY, for Petitioner.

Andrew M. McNeela, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, on the brief; Meredith E. Kotler, Assistant United States Attorney), New York, NY, for Respondent, of counsel.

Present: KEARSE, SOTOMAYOR, Circuit Judges, and SWAIN,* District Judge.

### SUMMARY ORDER

Petitioner Xiang Fu Hu ("Hu") petitions for review of a December 3, 2002 order of the BIA, dismissing his appeal of an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal based on an adverse credibility determination.

Hu and his wife Mei Mei Lin ("Lin"),[1] both citizens of the People's Republic of China ("China"), entered the United States from Amsterdam on December 3, 1991. Six years later, following the government's initiation of removal proceedings against him, Hu filed an application for asylum and withholding of removal, claiming that he was persecuted and feared future persecution under China's family planning policy. Following a February 25, 1999 asylum hearing, the IJ denied Hu's application for asylum and withholding, finding his claims incredible. On appeal, the BIA summarily affirmed and adopted the IJ's adverse credibility determination.

In his petition for review, Hu asserts that the IJ erred in denying his application for asylum and withholding of removal because the IJ's adverse credibility determination was not supported by substantial evidence. Where, as here, the BIA summarily affirms the IJ's decision, we review the IJ's decision directly, see Secaida–Rosales v. INS, 331 F.3d 297, 305 (2d Cir. 2003), and in so doing, defer to the IJ's findings of fact if they are supported by substantial evidence, see Wu Biao Chen v. INS, 344 F.3d 272, 275 (2d Cir.2003). Because we afford "particular deference" to the IJ's credibility determinations, see Montero v. INS, 124 F.3d 381, 386 (2d Cir.1997), the scope of our review is "exceedingly narrow," Melgar de Torres v. Reno, 191 F.3d 307, 313 (2d Cir.1999) (internal quotation marks omitted). We will not disturb the IJ's factual findings unless "any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). Applying this standard to the IJ's adverse credibility determination, we find that the record amply supports the IJ's conclusion.

* The Honorable Laura Taylor Swain, United States District Court for the Southern District of New York, sitting by designation.

1. Lin was separately placed in exclusion proceedings and was ordered excluded after an IJ denied her asylum application. Represented by the same counsel as Hu, Lin filed a timely petition for review of the exclusion order, which is being heard in tandem with this case before this Court. See Lin v. INS, Dkt. No. 01–4151, 2004 WL 848259 (2d Cir. 2004).

Upon arriving in the United States, Hu averred in his airport interview[2] that he sought asylum because of his father-in-law's political activities. When he filed his asylum application, six years later, he alleged that he sought asylum from China's family planning policy. Whereas Hu claimed in his asylum application that Chinese officials threatened him with cancellation of his business license after the birth of his first daughter, at his asylum hearing, he testified that he was denied a business license after the birth of his second daughter.

In addition to these inconsistencies, Hu's asylum application contained a number of critical omissions. For example, although Hu testified on cross-examination that he was threatened with sterilization by Chinese family planning officials, he failed to assert this critical fact in his asylum application. He further testified that his wife had been forced to use an intrauterine device by the Chinese family planning officials, but again, no such allegation was made in his asylum application.

Viewing these inconsistencies, omissions, and lack of corroborating evidence[3] together, the IJ reasonably found Hu an incredible applicant.

For the foregoing reasons, the petition for review is DENIED.

---

2. To the extent that Hu challenges the IJ's reliance on his airport statement in making its adverse credibility determination this claim was not exhausted below, and may not be raised here in the first instance. *See* 8 U.S.C. § 1252(d) (2000).

3. To the extent Hu argues that the IJ improperly required him to corroborate his claims, this assertion is unavailing. Although "[t]he testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration," 8 C.F.R. § 208.13(a) (1999 & 2002), because Hu's testimony was incredible, the IJ properly faulted him for failing to corroborate his claim with witness testimony or additional documentary evidence.